**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Criminal Case No. 1:18-cr-00036-RDM** |
| v. | : | |
| | : | |
| **WILLIAM PATRICK SYRING,** | : | |
| | : | |
| **Defendant.** | : | |

**EMERGENCY MOTION FOR REVOCATION OF RELEASE CONDITIONS
AND REQUEST FOR PRE-SENTENCE DETENTION**

The United States, by its undersigned counsel, respectfully requests that this Honorable Court issue an Order to revoke the Defendant's conditions of release pursuant to 18 U.S.C. §§ 3148 (b)(1)(A) and (B) and issue a warrant for his arrest.  Further, the United States requests that the Court detain the Defendant through the completion of the trial of this matter, currently scheduled to begin on March 15, 2019, due to his commission of a felony in violation of 18 U.S.C § 875 for his threatening email sent on February 23, 2019, to members of the Arlington County Board ("Board").  The communication referred to "cleans[ing]" the Board in much the same way that the Defendant's communications at the heart of this prosecution used the word "cleanse."  As such, he has demonstrated a continued willingness to use a means of interstate communication to threaten the lives of people with whom he disagrees and violate the conditions of his release set by this Court that require him to avoid committing additional crimes. Through his actions, the Defendant has demonstrated that there are no conditions, or combination of conditions, of release that will assure that he does not pose a danger to the safety of any person or the community.  In support, the United States states:

1. On March 14, 2018, the Defendant was released on his own recognizance as he awaited trial in the above captioned matter on charges of violating 18 U.S.C. §§ 245(b)(2)(C), 245(b)(5), and 875(c) related to sending threatening communications through interstate commerce.  The charges stem from five emails sent by the Defendant to the Arab American Institute ("AAI") between May 30, 2017 and July 22, 2017 (Attached as Exhibits A - E) against the backdrop of more than 700 emails sent between 2012 and July 22, 2017, and a 2008 conviction for sending threatening communications to AAI.  In many of the 700 emails, the Defendant falsely accuses his victims of committing monstrous acts which would justify their deaths.

2. Among the conditions of his release that are contained in the Court's Order is the prohibition on committing additional crimes.  (Attached as Exhibit F, Order, March 14, 2018) ("Any rearrest or probable cause for any subsequent offense may result in revoking your present bond . . .").

3. In three of the emails that form the basis of the pending charges, the Defendant refers to "cleansing" his victims or America being safe only if the victims are "cleansed."  (Exhibits A, B, and E).  In addition to the emails referenced in the charging documents, the Defendant sent an email to AAI on January 27, 2017 declaring, "It's time for ethnic cleansing of Arabs in America." (Attachment as Exhibit G).  On March 5, 2017, the Defendant sent an email to AAI again declaring, "Americans will never be safe until America is cleansed of Arab Americans." (Attached as Exhibit H).[1]

---

[1] While the emails at Attachments G and H are not charged as separate crimes in the Superseding Indictment, they are part of the government's proof, contained in discovery provided to the Defendant, that the Defendant has used the word "cleanse" to terrorize the AAI victims.

4. The Defendant is on notice from the Superseding Indictment and several witness statements that his reference to cleansing in email communications, especially where he is condemning someone for monstrous acts, amounts to a true threat prohibited by law and which subject him to prosecution. The very essence of the government's prosecution against the Defendant is that these communications are serious expressions of an intent to commit violent acts and that they violate federal law when sent using means of interstate communications.

5. The Defendant plead guilty to charges in 2008 that stemmed from sending threatening emails making reference to "death" and justifying the extermination of Jim Zogby and AAI staff members. While the 2006 emails and voicemails that resulted in the 2008 conviction did not use the word "cleanse," the defendant admitted that calling for their deaths was a true threat that violated federal laws.

6. Yet, on February 23, 2019, less than two weeks from the start of his trial on his current threats charges, the Defendant again sent threatening communications by email to five members of the Board calling for their cleansing because they had allegedly committed monstrous acts.

7. In the latest email sent directly to the Board members and the general Board email address, the Defendant accused the members of committing terrorist acts, genocide, and of being anti-Semitic. (Attached as Exhibit I). He wrote: "Arlingtonians will never be safe until we cleanse from among us the genocidal Nazi anti-Semitic terrorist murders: Garvey, Dorsey, Gutshall, de Ferranti, and Cristol." These are the names of the Board members to which he sent the email. He also wrote that: "there should be no tolerance for the Arlington County Board's theft, advocacy of terrorism and genocide and anti-Semitism."

8. The email had the exact impact that the Defendant has confessed to intending in his 2008 pleas and that AAI victims have articulated in the discovery provided in this prosecution.

The email made the recipients fear for their lives (Attached as exhibit J, Affidavit of Erik Gutshall, and Exhibit K, Affidavit of Kendra Jacobs).  As the affidavits attest, both Board Member Erick Gutshall and the Clerk of the Board, Kendra Jacobs, fear that the Defendant will come to the office to shoot and kill its occupants.  Since the email was directed personally to Board members, Mr. Gutshall is terrified that the Defendant will, if not stopped, hunt him down at his home and kill him and his family.  Shortly after the email was received, Ms. Jacobs contacted the Arlington County police and photos of the Defendant were shown to staff members and posted in the Board offices in case the Defendant appeared there so that police could be notified and a mass shooting hopefully averted.

9. Moreover, the Defendant chooses his words, especially references to the death of the email recipient, quite carefully.  On February 8, 2019, just weeks before sending the email calling for the cleansing of Arlington County Board members, the Defendant sent an email to Virginia Delegate Patrick Hope (Attached as Exhibit L).  The email claims that the delegate is a "despicable Nazi white supremacist terrorist" responsible for all manner of monstrous acts. Yet, while accusing Hope of being the "incarnation of evil," nowhere does the Defendant reference the delegate's death, cleansing him, or any other manner of physical harm befalling him.  To the contrary, the Defendant specifically states:  "I will do everything I can to ensure your political defeat in November 2019."  His reference is to the political process, not mass murder as his emails to AAI and the Board threaten.  The Hope email amply demonstrates that the Defendant knows the impact of his words and chooses them accordingly.

9. Consequently, the Defendant should not be permitted to be free pending trial.  He is unwilling to conform his behavior to the dictates of the law.  As he well knows, sending threatening communications through interstate commerce is a violation of 18 U.S.C. § 875.  He

plead guilty to it in 2008, he's been charged again with it 2018, and he's violated it again while awaiting trial.  He also knows from this prior guilty plea that his communications calling for the death of the recipients terrorizes the recipients and impacts their enjoyment of employment. His behavior in 2019 is eerily reminiscent of his behavior in 2008 where his release was revoked pending sentencing for sending communications that contained the same language that formed the basis of his plea at that time (Attached as Exhibit M, Emergency Motion for Revocation of Release Conditions and Request for Pre-Sentence Detention, March 20, 2008).  Upon considering the revocation request in 2008, Judge Kollar-Kotelly indicated that there was no excuse for the Defendant's behavior because he was too intelligent not to know that what he did was wrong (Attached as Exhibit N, Transcript Revocation Hearing, March 20, 2008, p. 21 at l. 1-2).

      10. The same reasoning should be applied at this juncture.  The Defendant clearly gains gratification of some type from threatening people and from testing the resolve of the government and the Court to stop him from doing so again.  He has demonstrated that no combination of conditions can be set by this Court, other than incarceration, that will keep the public safe from the Defendant.

      WHEREFORE, the United States respectfully requests that this Honorable court immediately revoke the Defendant's conditions of release, issue a warrant for his arrest, and order that he be incarcerated through the completion of the pending prosecution.

Respectfully submitted this 4th day of March, 2019.

             Respectfully submitted,

             ERIC S. DREIBAND
             Assistant Attorney General
             Civil Rights Division

             /s/ *Mark Blumberg*
             MARK BLUMBERG
             Senior Legal Counsel
             Civil Rights Division, Criminal Section
             U.S. Department of Justice
             950 Pennsylvania Avenue NW
             Washington, D.C. 20530
             Telephone: (202) 305-2798
             Mark.Blumberg@usdoj.gov
             DC Bar No. 448399

             /s/ *Nicholas Reddick*
             NICHOLAS REDDICK
             Trial Attorney
             Civil Rights Division, Criminal Section
             U.S. Department of Justice
             950 Pennsylvania Avenue NW
             Washington, D.C. 20530
             Telephone: (202) 616-3120
             Nicholas.Reddick@usdoj.gov
             CA Bar No. 288779

## CERTIFICATE OF SERVICE

   I HEREBY CERTIFY that a copy of the foregoing pleading was served via the Electronic Case Filing system upon the Defendant's counsel, Stuart Sears, Esq., this 4th day of March, 2019.

             */s/ Mark Blumberg*
             MARK BLUMBERG