**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>WILLIAM PATRICK SYRING,<br><br>*Defendant*. | No. 18-CR-36 (RDM) |

## ORDER

Defendant William Patrick Syring has been charged with violating 18 U.S.C.

§§ 245(b)(2)(C), 245(b)(5), and 875(c), by allegedly sending threatening communications to

employees of the Arab American Institute ("AAI") in Washington, D.C.  Dkt. 8.  On March 14,

2018, Syring was released of his own recognizance pending trial, Dkt. 4, which is scheduled for

March 15, 2019.  On March 4, 2019, the Government filed an emergency motion for revocation

of Syring's release and for detention through the completion of trial, on the ground that he had

committed "a felony in violation of 18 U.S.C § 875" by sending "[an] email . . . on February 23,

2019, to members of the Arlington County Board ("Board")."  Dkt. 59 at 1.  The email in

question says: "Arlingtonians will never be safe until we cleanse from among us the genocidal

Nazi anti-Semitic terrorist murders: Garvey, Dorsey, Gutshall, de Ferranti, and Cristol."  *Id*. at 3.

These are the names of the Arlington Board members to which Syring addressed his email.  *Id*.

Defendant voluntarily appeared before this Court on March 5, 2019, for a hearing on the

Government's motion.  Based on the Government's motion, the Bail Reform Act, and the

arguments presented by both parties, the Court found by clear and convincing evidence that no

condition or combination of conditions of Syring's release would reasonably assure the safety of

the community, and thus revoked his supervised release and ordered him detained until the conclusion of the trial.

Under the Bail Reform Act of 1984, 18 U.S.C. § 3142 *et seq.*, if a judicial officer finds after conducting a hearing that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). The Government bears the burden of showing "by clear and convincing evidence that no conditions of release can reasonably assure the safety of the community or any person." *United States v. Salerno*, 481 U.S. 739, 750 (1987). A judicial officer entering a detention order must "include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1). This order makes those findings and explains the reasons for the Court's decision.

Under 18 U.S.C. § 3142(f)(1)(A), the Court shall, on a motion from the Government, "hold a hearing to determine whether any condition or combination of conditions . . . will reasonably assure the appearance of [a] person [charged with an offense] as required and the safety of any other person and the community . . . in a case that involves . . . a crime of violence." The Bail Reform Act defines a "crime of violence" as "an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 3156(a)(4)(A). The Court finds that this case involves alleged "crime[s] of violence:"

> On July 17, 2018, a federal grand jury returned a fourteen-count Second Superseding Indictment ("Indictment") against the Defendant, William Patrick Syring, charging him with four counts of willfully intimidating and interfering with, and attempting to intimidate and interfere with, employees of the Arab American Institute (AAI) **by threat of force** because of their race and national origin, and because they had been enjoying private employment, in violation of

> 18 U.S.C. § 245(b)(2)(C); three counts of willfully intimidating and interfering with, and attempting to intimidate and interfere with, AAI employees *by threat of force* because they had been aiding and encouraging Arab Americans to participate, without discrimination on account of race, religion, or national origin, in voting and qualifying to vote, qualifying and campaigning as a candidate for elective office, and applying for and enjoying employment with federal agencies, in violation of 18 U.S.C. § 245(b)(5); and seven counts of knowingly transmitting e-mail communications in interstate commerce to AAI employees *with the intent to threaten to injure them* and with the knowledge that they would view the communications as threats.

Dkt. 39 at 1–2 (emphasis added).  These crimes are, by definition, "crimes of violence."

The Bail Reform Act instructs the Court to consider the following four factors when determining if pretrial detention is warranted: (1) "the nature and circumstances of the offense charged, including whether the offense is a crime of violence;" (2) "the weight of evidence against the person;" (3) "the history and characteristics of the person, including . . . the person's character, physical and mental condition, . . . past conduct" and "whether, at the time of the current offense . . . the person was on probation, on parole, or on other release pending trial;" and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release."  18 U.S.C. § 3142(g).

The first factor requires the Court to consider "the nature and circumstances of the offense charged," in general, and, in specific, whether "the offense is a crime of violence."  18 U.S.C. § 3142(g)(1).  As noted above, Syring is charged with crimes of violence.  The offense charged, moreover, poses a direct and substantial threat to the safety of the community; as the statutory definition of a "crime of violence" recognizes, the *threat* of violence itself inflicts a significant injury on those who must live in fear that the threat might come to fruition.  Thus, this factor weighs in favor of detention.

The second factor, the "weight of evidence," is substantial.  "If the government possesses [substantial] evidence that the defendant is guilty of the crime charged—and the nature of the

charged offense involves a danger to the community—then the second factor will help meet the government's burden." *United States v. Taylor*, 289 F. Supp. 3d 55, 66 (D.D.C. 2018).  Without passing judgment on the ultimate merits of the Government's case against Syring, the Court notes that the Government has proffered substantial evidence that Syring sent AAI employees numerous e-mails with messages such as "[d]eath to all Arab Americans," "[t]he only good Arab American is a dead Arab American," and "America cleansed of Arab Americans will be America free of terror," and that Syring did so with the knowledge that those messages would, in fact, inspire fear in the recipients.

Consideration of the third factor, the history and characteristics of the Defendant, weighs most heavily in favor of detention.  Syring has previously been convicted on similar charges and has previously violated his supervised release by sending similar messages.  Dkt. 59 at 5–6.  It is troubling that less than two weeks before the start of his trial on charges for sending threatening messages, Syring would decide to send further messages of this kind.  The Court takes seriously this extensive history and, in particular, Syring's apparent inability to control his impulses.

The final factor the Court must consider is the "nature and seriousness of the danger to . . . the community that would be posed by [Syring's] release."  18 U.S.C. § 3142(g).  Here, particularly in light of Syring's apparent inability to refrain from sending communications like the ones at issue here, the Court finds that there is a significant risk that—if not detained— Syring will continue to send similar messages, causing grave concern to the recipients.  In addition, the Court notes that Syring has, in the past, sent messages in clusters, and there is reason to believe that his most recent actions, if unaddressed, will recur.

Finally, the Court must consider whether "any condition or combination of conditions" of pretrial release would redress this risk to community safety.  Pretrial Services reports that it has

considered that question in detail and has concluded that no such conditions, including electronic monitoring, would permit it to prevent Syring from sending further threatening messages.  The Court agrees.  In particular, given Syring's apparent inability to control his impulses to send threatening communications, and given his long history of continuing to do so in the face of court orders and the imminent risk of criminal liability, the Court finds that prophylactic measures will not reasonably assure the safety of the community.

For the reasons stated in Court on March 5, 2019, and in the above order, the Court concludes by clear and convincing evidence that there is "no condition or combination of conditions" of release that would reasonably assure "the safety of . . . the community," and therefore orders Syring detained until the conclusion of the trial.  18 U.S.C. § 3142(e).

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  March 6, 2019